[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this legal malpractice action has moved for summary judgment as to the counts of his complaint in which he claims that the defendant negligently counselled him to enter into a settlement in a dissolution of marriage action with terms that he claims were far less favorable than would have been ordered after a trial. The counts at issue in the plaintiff's two motions for summary judgment are the first and eleventh counts.
The plaintiff has appended to his motions the affidavit of his disclosed expert on the standard of care, Donald J. Cantor. This affiant sets forth his conclusion that, based on the financial affidavits of the parties, the settlement agreement provides for payments by the plaintiff far in excess of the payments that could reasonably have been anticipated to have been ordered as a result of a trial.
The defendants have filed the affidavit of Atty. Howard A. Jacobs, in which he states that the settlement agreement reflected the risk that a trial judge would conclude that the plaintiff's assets from entities he controlled were much greater than the amounts set forth in his financial affidavit and that his conduct was likely to be found to be the reason for the failure of the long marriage at issue.
The plaintiff takes the position that this statement cannot be considered in connection with his motions for summary judgment because the defendants have not attached documentation supporting the affiant's statement. This contention misconstrues the nature of adjudication of a motion for summary judgment, which involves not a resolution of the disputed issues but a determination of the existence of disputed issues of fact. P.B. § 384.
The gravamen of the plaintiff's submissions is that the defendants had no basis for counselling the plaintiff to agree to the settlement terms that he did. The statements in the counter affidavit submitted by defendant Jacobs indicate the existence of a context that explains the legal advice given.
In a claim of negligence in performing legal services, a CT Page 11882 plaintiff must establish a breach of the standard of care. An attorney's advice on the fairness of a settlement and the status of that advice as within or without the standard of care depend heavily on the facts that create risks at trial. If there were no question that the plaintiff's assets were other than what was listed on the financial affidavit received by Atty. Cantor, advice to settle on the terms indicated might well be outside the standard of care. The plaintiff was a real estate developer, and the counter affidavit indicates that his wife's lawyer was suggesting an ability to prove much more extensive assets than appeared on the affidavit. The affiant states that there was also a risk that the plaintiff would be found to have engaged in conduct that caused the break-up of the relationship. The claim that such factors entered into the legal counsel provided is sufficient to demonstrate the existence of a genuine dispute as to the facts material to the determination whether the advice given was within the standard of care.
The plaintiff claims that he is entitled to judgment if the facts are restricted to those selected by his retained witness. That selection does not, however, include all of the facts material to a determination of negligence in performing legal services. In order to be entitled to summary judgment, a movant must show what me facts are, that there are no genuine issues as to any material fact, and that the movant is entitled to judgment as a matter of law upon the undisputed facts alleged. Practice Book § 384; Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105 (1994); Barrett v. Danbury Hospital, 232 Conn. 242, 250
(1995); Silver v. Jacobs, 43 Conn. App. 184, 188 (1996).
The plaintiff has failed to establish that he is entitled to summary judgment on either the first or the eleventh counts of his complaint. Both motions for summary judgment are denied.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT